7846

ELDER v. McINTOSH.      .

Dower—Homestead.—The alienee of the husband cannot claim homestead
in the land aliened, against a judgment in favor of alienor's widow
for a sum of money assessed in lieu of her dower in the land.
Mr. Justice Woods *dissents.*

Before Klugh, J., Fairfield, July, 1909.    Affirmed.

Action by Elizabeth Elder against Simon McIntosh,
Patsy McIntosh *et al.*, in probate court for dower. So
much of the circuit decree on the exceptions to the report
of commissioners to set aside homestead as is necessary to
show the issues, and this adjudication is:

"The plaintiff, Elizabeth Elder, who brings this action for
dower, was lawfully married to Francis Elder in 1873, and
subsequently, in the same year, he was seized of a lot of five
acres of land in the town of Winnsboro, on which was his
dwelling house. In 1882, he executed to J. E. McDonald,
Esq., as assignee, for the benefit of his creditors, an assign-
ment of his property, including said house and lot, and
thereafter said lot was subdivided into a number of smaller
lots, which were sold in December, 1882, by the assignee.
Two of said smaller lots lying contiguous to one another,
on one of which was said dwelling house, known as lots L
and M, were purchased by Mrs. C. L. Ellison, and she held
them until the year 1890. While she so held them the
dwelling house was destroyed by fire, and a policy of insur-
ance of the same was paid to her.

"In 1890, Mrs. Ellison conveyed the said two lots to T. H.
Ketchin and T. K. Elliott, by a deed with general warranty,
and on the same day that the conveyance was made to them,
said Ketchin and Elliott conveyed said two lots to Amelia
McIntosh, and she held the same until she died, intestate, in
1905, whereupon said land descended to her husband and
children—all of whom are parties defendant herein—as her

heirs at law, and her said husband and two of her children, both adults, are now in possession thereof.

"Francis Elder, the husband of plaintiff, died July 17, 1906, and the plaintiff's right of dower, theretofore inchoate, then accrued to her. Thereafter, she brought this action in the probate court against the defendants, as the parties in possession of the land to recover her dower, and, after due proceedings, the said Court found that she was entitled to dower in said land, and decreed accordingly. A writ in dower was duly issued, and the commissioners named in the writ made return thereof, certifying that, in their judgment, the said lots of land cannot be equally and fairly divided without manifest disadvantage, and they assessed and valued said two lots at the time of the alienation thereof by the husband, at $1,655, and assessed one-sixth of said valuation, to wit, $275.83, with interest from July 17, 1906, the date of the death of Francis Elder, aggregating $299.53, as the sum of money to be paid the plaintiff by the defendants, in lieu of her dower in said two lots.

"Upon hearing said return and exceptions thereto on behalf of the defendants, the probate court confirmed the return and adjudged that the defendants pay to the plaintiff the sum so assessed, together with interest and costs. The defendants appealed from the judgment of the probate court to the Court of Common Pleas, but subsequently abandoned the appeal, and thereupon, the judgment confirming the return of the commissioners and requiring the payment by the defendants of the sum assessed in lieu of dower, became final and conclusive upon all parties.

"The said judgment was duly enrolled in the probate court and a transcript of the same, as prescribed by law, was filed and entered in the office of the clerk of court of Fairfield county. Execution was duly issued for the enforcement of said judgment, directed to the sheriff of said county, and reciting the proceedings for the recovery of the plaintiff's dower, and requiring said sheriff to satisfy said decree out

of the personal property of the said defendants, or, if sufficient personal property cannot be found, then out of the real property belonging to said defendants. A certificate was endorsed on said execution to the effect that the same was issued for the enforcement of the decree for the value of the plaintiff's dower, duly assessed and ordered to be paid by the defendants, in the two lots L and M, and said execution, so endorsed, was lodged in the office of the sheriff of Fairfield county on April 10, 1908.

"Thereafter, the defendants served upon the sheriff a notice demanding that a homestead be set off to them before making any levy or sale under said execution. In pursuance of said demand, appraisers were appointed, who duly made their return, in which the said lots L and M, together with another parcel of land, known as lot S, were set off as the homestead of the defendants, and the appraised value of said three lots was fixed at $850. Exceptions to said return were duly served on behalf of the plaintiff, and argument thereon was heard by me at the Spring term of the Court in February last. I reserved the case for further consideration, and it is proper to state here that my time has been so continuously occupied in holding the Courts of the Sixth and Fifth Circuits, that I have had no opportunity to give the matter the attention it required until now.

"It was admitted at the hearing that the land mentioned in the proceedings belonged to Amelia McIntosh, the wife of Simon, and mother of the other defendants; that the defendants have no interest in any other lands, and owned no land in the lifetime of Amelia; that Simon and his two adult unmarried daughters are in actual possession of said lots, and have no personal property subject to execution.

"Dower is an interest in land of which the husband is seized during coverture, which arises in favor of the wife immediately upon the concurrence of the fact of marriage, and the fact of seisin of the husband. It has been frequently held by our Courts to be independent of the control of the

husband and paramount to any interest that any one thereafter claiming under him can have. *Cunningham* v. *Shannon,* 4 Rich. Eq. 140. Accordingly, the inchoate right of dower is superior to, or rather independent of, even the lien for taxes that are assessed after its inception against the lands of the husband in which the dower interest exists, and that, too, although a sale under the tax lien extinguishes the right of homestead. *Shell* v. *Duncan,* 31 S. C. 566.

"The contention in the present case, however, is not that the defendants' claim of homestead excludes the plaintiff's right to have her dower assigned in the land. As I understand the argument, it is conceded that the widow's dower, if set off to her in kind in the two lots, L and M, cannot be defeated by the claim of homestead; but the defendants contend that when a sum of money is assessed to her in lieu of dower, and a judgment for said sum is entered up against the defendants as the parties in possession of said land and execution issued thereon, said judgment is on the same footing which the judgment of any ordinary creditor of the defendants would have, and that the execution for its enforcement is process against which the defendants may claim homestead. Such a contention makes it necessary to consider the nature of the assessment that is made as a substitute for dower. The statute, Civil Code, section 2404, provides for such assessment, and not only authorizes, but requires, it to be made in cases where the commissioners find the facts to warrant it. That the present is such a case is conclusively established by the judgment of the probate court. By the terms of the statute, the assessment provided for is said to be 'in lieu of dower,' that is to say, it stands in the place of, and as a substitute for the accrued right of dower. It is only allowed in cases where the land cannot be fairly and equally divided, so as to assign dower in kind—where it would be to the manifest disadvantage not less of the tenant or purchaser in possession than of the widow demandant to assign the proper proportion of the land as

19—88

dower. Standing in lieu of, and being substituted for the dower estate, because of the necessity of the case, the assessment must retain the nature and incidents of the dower estate. *Stock* v. *Parker,* 2 McC. Ch. 382. It adheres to the land and is an incumbrance or charge upon the land which, if not paid by the party against whom it is assessed, must be satisfied out of the proceeds of the sale of the land. *Williamson* v. *Gasque,* 24 S. C. 100; *Witherspoon* v. *Watts,* 18 S. C. 396. It is not a specific lien so as that, when reduced to judgment, such judgment takes rank because of its being based upon the right of dower over other judgments, which would otherwise rank equally with or superior to it. But neither does a purchase money judgment have such prior rank; yet a purchase money judgment, by the terms of the Constitution and statute, is superior to the right of homestead. The assessment in lieu of dower represents the value of the dower estate, and may fairly be said to be the purchase money of the estate. The law furnishes a close analogy to the assessment in lieu of dower in the case of a partition where the land cannot be fairly and equally divided in kind, and is set over to one of the cotenants upon the payment by him to each of the others of a sum of money assessed by commissioners equivalent to the value and in lieu of their respective shares. Manifestly, the cotenant thus taking the whole of the land cannot, by claiming the same as his homestead, and procuring it to be set off to him as such, defeat the right of his cotenants to have the lands subjected to the payment of their shares. The value of the shares so assessed represents the purchase money of the same against which there can be no claim of homestead in the common property by the one cotenant against the other. Of course, the right of homestead would be an effectual shield of other property than that in which the dower estate exists, as against the judgment for dower."

From this decree the defendants appeal.

*Messrs. Ragsdale & Dixon* and *J. E. McDonald,* for appellants. *Mr. McDonald* cites: *Descent of homestead:* 20 S. C. 248; 45 S. C. 64. *Conditions must exist at time of attempted sale:* 21 S. C. 11; 23 S. C. 327. *Homestead cannot be sold:* 24 S. C. 424; 26 S. C. 1; 39 S. C. 237; 45 S. C. 61; 51 S. C. 493; 54 S. C. 208; 73 S. C. 329. *Obligations homestead is liable for:* 19 S. C. 242; 21 S. C. 136; 22 S. C. 312; 35 S. C. 54; 45 S. C. 64; 25 S. C. 98; 54 S. C. 313. *Right to assess money in lieu of dower:* 24 S. C. 100, 359. *Judgment thereon cannot be a lien except on dower interest:* 2 Rich. 164; 24 S. C. 100. *And cannot defeat homestead:* 8 S. C. 87; 15 S. C. 36; 30 S. C. 459; 59 S. C. 70; 64 S. C. 82.

*Messrs. A. S. & W. D. Douglass,* contra. *Mr. A. S. Douglass* cites: *Rule of valuation:* 4 McC. 352; 12 S. C. 39; 35 S. C. 613; 24 S. C. 355. *Vested right of dower is an encumbrance on the land:* 2 Strob. 81; 9 Rich. 374; 27 S. C. 193; 31 S. C. 566. *A sum assessed for equality of partition is free from homestead:* 30 S. C. 464; 14 S. C. 11; 33 S. C. 229; 47 S. C. 453; 52 S. C. 221. *Judgment in dower is breach of warranty:* 5 S. C. 405; 9 Rich. 374; 1 N. and McC. 104. *Dower judgment is not on a debt due by defendants:* 25 S. C. 572. *Homestead cannot be assigned in undivided interest in land:* 26 S. C. 227; 28 S. C. 133.

April 1, 1911. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. The facts out of which this appeal arises are fully stated in the opinion of the Circuit Court. The sole question is whether an alienee of the husband can claim homestead in the land aliened against a judgment in favor of alienor's widow for a sum of money assessed in lieu of her dower in the land.

The provision of the Constitution exempting to the head of any family a homestead in lands was not intended, nor can it be construed, to shield the homestead against a right, title or encumbrance which is paramount to the right of homestead. When the right of dower attaches to land, it is paramount to the right of any other person claiming the land, or any interest therein under the husband by any subsequent act of his. *Tibbetts* v. *Langley Mfg. Co.,* 12 S. C. 465; *Shell* v. *Duncan,* 31 S. C. 566, 10 S. E. 330. It was unnecessary to rest the circuit decision, to any extent, upon the ground that the value of the dower estate may be said to be *pro tanto* the purchase money of the land, so as to bring the case within the exception in the Constitution of obligations contracted for the purchase money of the homestead. In other respects, the opinion of the Circuit Court, as reported, is satisfactory, and for the reasons therein stated, the judgment is affirmed.

MR. JUSTICE WOODS, *dissenting.* This is an action to recover dower in two lots of land situated in the town of Winnsboro and known for the purposes of this case as lots L and M, as designated on a surveyor's plat made by J. C. Caldwell on November 23, 1882. Francis Elder, plaintiff's deceased husband, conveyed all his property, real and personal, in the year 1882 to J. E. McDonald, as trustee for the benefit of his creditors, and the trustee on December 4, 1882, sold the two lots in question, together with a large house then situated thereon, to Mrs. C. L. Ellison for $1,655. Afterwards the house was destroyed by fire, and lots L and M, with another lot S, on which plaintiff had renounced her dower, were sold to Ketchin and Elliott. They conveyed the three lots for a consideration of $600 to one Amelia McIntosh, whose heirs at law are defendants in this action.

The probate judge found that plaintiff was entitled to her dower in lots L and M, and, a writ of admeasurement having been issued, the commissioners reported that dower

could not be equally and fairly set off in kind. Taking the valuation of the realty at the time of alienation by the husband as the basis of their calculation, they assessed $275.83, with interest from the death of her husband, as the gross sum to be paid to the plaintiff in lieu of her dower. The return was confirmed, judgment entered and execution duly issued against the property of the defendants. Thereupon they served notice upon the plaintiff demanding that a homestead be set off to them in the three lots before levy or sale. The defendant Simon McIntosh is the husband of Amelia McIntosh, and the other defendants are her children; it does not distinctly appear which of them are heads of families. It is admitted that they own no property besides the three lots above mentioned, whose value has always been, since the conveyance to Amelia McIntosh, less than $1,000.

On appeal to the Circuit Court from the return of the commissioners, allowing and setting off the three lots as a homestead to the defendants, as heirs at law of Amelia McIntosh, Judge Klugh held that the judgment for the assessment, standing in lieu of dower, retained the nature and incidents of the dower estate, and as such was superior to the claim of homestead. He further held that even if Simon McIntosh, as the head of a family, could claim a homestead to the amount of his interest against the judgment, it was impossible to set off his share, as it was an undivided third of the land. The question to be decided on this appeal is, does a judgment entered on an assessment of one-sixth of the value of land in lieu of dower constitute such a specific charge on the *entire* land as to defeat the claim of homestead in any part of the land?

The right of dower is limited to a one-third interest in the land for the life of the widow. The remaining two-thirds being free from the dower right, the owner's homestead right therein is unaffected by it.

The statute regulating the assignment of dower provides that where the land "cannot in the opinion of a majority of

the commissioners, be fairly and equally divided, without
manifest disadvantage, then they, or a majority of them, as
aforesaid shall assess a sum of money to be paid to the
widow in lieu of her dower by the heirs at law, or such other
person or persons who may be in possession of the said
land." Civil Code, section 2404. Neither the Constitution
nor the statute provides that this assessment shall rank as
purchase money, or that it shall be a specific lien on all the
land in preference to other liens, or that it shall be superior
to the right of the owner of the land to have his constitu-
tional right of homestead in the two-thirds interest to which
the claim of dower does not extend. The assessment cannot,
therefore, be a charge on the land superior to the homestead
beyond the demandant's interest of one-third for her life.

The principle, as it seems to me, is clearly stated and
expressly adjudicated in *Williamson* v. *Gasque,* 24 S. C.
100. There the Court says: "But we do not think it neces-
sarily follows that the assessment constitutes a specific lien
on the land, which may be enforced by selling it, where the
land has been alienated, and the claim is made against one
in possession, who is neither heir nor devisee of the deceased
husband, and who may have placed encumbrances upon the
land before the assessment was made or even the right of
dower had accrued. The statute authorizing the assessment
as a substitute for dower certainly does not expressly give
it any such specific lien, nor indeed any special means for
its enforcement; but, on the contrary, simply characterizes
it as a 'sum of money to be paid to the widow in lieu of her
dower.' We know of no principle which would allow the
Court to supplement the act by giving the assessment any
higher force than that which arises from its being reduced
to judgment against the person who happens to be in pos-
session of the land."

It would hardly be contended in a case where one-third of
the land was actually set off to the widow that a judgment
for her one-third of the rents and profits accruing after the

death of the husband, and for the costs of the proceedings would be superior to the homestead; and yet these rents, profits and costs are a part of the dower claim fixed by the statute and the decisions of the Court—as much a part of the dower right as an assessment in lieu of dower.

It is perfectly clear, as already stated, that the owner of the land has no right of homestead in one-third of the land for the life of the widow, for that is not his property, unless he releases it from the dower claim by payment of the assessment. Under the case of *Williamson* v. *Gasque,* if senior judgments or the homestead claim interfere with enforcement of the judgment for the sum of money assessed in lieu of dower, "the widow would have a clear right to fall back upon her absolute right in the land," and apply to the Court for the actual admeasurement of her dower; or if the owner has nothing beyond the homestead she could sell under execution the one-third undivided interest for her life in the land in which her dower right is superior to the homestead right, and the purchaser could then bring his action for partition.

It seems very clear to me, however, that the defendants have no right of homestead against the judgment and execution in this case by reason of the fact that they are the husband and children of Amelia McIntosh through whom they derive the land by inheritance. Amelia McIntosh died in 1905, and the plaintiff's right of action for dower did not accrue until the death of her husband in 1906. Hence there never was any claim of dower against Amelia McIntosh, and the judgment and execution do not, and could not, run against her, and so there could be no homestead right in her favor or in favor of the defendants, as her husband and children, her family, against this judgment and execution. But such of the defendants as are heads of families are entitled to homesteads in their own right against the judgment to the extent of his or her interest in the two-thirds of the land not subject to the claim of dower.

The difficulty of assigning a homestead is no argument against allowing the right to a party entitled to it under the Constitution. All parties are before the Court, and the Court has jurisdiction to order partition or take any other proceedings not contrary to law necessary to provide for the enjoyment of their rights by all parties concerned. *Atkinson* v. *Jackson*, 24 S. C. 594.

It seems to me the judgment of the Circuit Court should be modified according to the views herein expressed.