14123

HALL v. EQUITABLE LIFE ASSURANCE SOCIETY OF UNITED STATES

(181 S. E., 33)

*Messrs. Thomas, Lumpkin & Cain* and *Lide & Felder,* for appellant,

*Messrs. M. E. Zeigler* and *W. C. Wolfe,* for respondent,

August 9, 1935.

The opinion of the Court was delivered by MR. G. DEWEY OXNER, ACTING ASSOCIATE JUSTICE.

During March, 1931, the defendant issued to the plaintiff a policy of life insurance in the sum of $2,500.00, ·and during August of the same year issued a second policy for a like amount. Each of these policies contained total and permanent disability clauses, under the terms of which the defendant agreed to waive subsequent premiums and pay the insured a monthly income of $25.00 if, before attaining the age of sixty years and while this policy was in force, the insured became totally and permanently disabled.

On June 23, 1932, the plaintiff, claiming total and permanent disability from March 15, 1932, by reason of deafness, filed his proofs of claim, and, upon refusal of defendant to approve same, the present action was instituted on October 3, 1932, to recover all benefits since the date of his alleged disability.

The only defense interposed by defendant to the two causes of action contained in the complaint was a denial that plaintiff had become totally and permanently disabled and a denial that it was liable to the plaintiff for the reason "that the insured is not now, nor was he during the times mentioned in the complaint, totally and permanently disabled by bodily injury or disease so that he is now, has been and will be prevented from engaging in any occupation or performing any work for compensation or financial value. * * * "

At the conclusion of the testimony defendant moved for a directed verdict on the sole ground that the testimony was "susceptible to only one reasonable inference, such inference being that the plaintiff is not so totally and permanently disabled by bodily injury or disease so that he is presumably thereby prevented from engaging in an occupation for remuneration or profit."

The motion for a directed verdict was refused, and the jury returned a verdict in favor of the plaintiff. The record does not disclose a motion for a new trial. From judgment entered on said verdict, this appeal is taken.

There are five exceptions. Exceptions 1, 2, 4, and 5 raise but one question: Whether or not the Court was in error in refusing the motion for a directed verdict upon the ground that the evidence was susceptible to only one reasonable inference, namely, that insured was not totally and permanently disabled under the terms of the policy in question.

It appears from the testimony that respondent is about thirty-nine years of age; that for a period of about twenty years he was engaged in the retail shoe business at Orangeburg, S. C., during the early portion of which he was a clerk

or salesman, later becoming a part owner in the business; that he has not done or been trained to do anything else; that this work necessitated his talking with customers in making sales; that for a long period of years prior to the time the policies in question were issued, his hearing was affected—at first only slightly; that this condition was progressive; that his hearing was badly affected in 1930 and 1931; that it gradually grew worse and by March, 1932, there was total deafness in one ear, and he was so deaf in the other that he could not carry on an ordinary conversation and could not hear at all unless the person talking to him "shouted into his ear"; that he could not wait on customers coming into the store on account of this deafness; that by reason thereof they evaded him and did not want him to serve them; that other clerks served most of his regular customers; that by reason of this situation, according to respondent's testimony, his business diminished in volume, and finally about January, 1932, was discontinued or failed, which was due in part to his inability to carry on his work as usual.

The medical testimony showed that respondent is suffering from "chronic bilateral catarrhal deafness" which affected both ears; that his condition is not curable; and that respondent is totally disabled from doing anything requiring his sense of hearing. Dr. Truluck, an eye, ear, nose, and throat specialist, testified that he classified respondent's condition "as total deafness." The testimony establishes that respondent had undergone considerable treatment with little or no favorable results. The testimony further discloses that the physician making the examination of insured for the company when the policies were issued knew of respondent's condition, and respondent testified that by reason thereof he was "rated up."

From the foregoing brief review of the testimony, it is clear that the issue as to whether respondent's deafness prevented him from doing substantially all of the material acts necessary to the prosecution of his

business or occupation, in substantially his customary and usual manner, was properly submitted to the jury, and there was no error in refusing the motion for a directed verdict.

In *McCutchen v. Ins. Co.,* 153 S. C., 401, 151 S. E., 67, 82, in speaking of deafness as a basis for total disability, the Court said: "Total deafness may mean 'total disability,' as that term is known to our law, as to some particular person, and it may mean partically nothing, when applied to some other person, in the matter of earning a livelihood or ability to engage in an occupation or employment. There are many, many things to be considered in correctly determining the effect of deafness upon a person's ability and capacity."

By Exception 3, appellant undertakes to raise the question that the insured's deafness did not originate while the policies were in force, but occurred long prior to their issuance, and therefore no liability would exist in favor of respondent growing out of that condition. By this exception it is urged that if respondent is totally and permanently disabled, he did not become so while the policies were in force, but such disability originated prior to their issuance. The question raised by this exception is the one principally argued in the brief of appellant. While not conceding that there is merit in this exception, it is sufficient to say that appellant's answer contained no such defense; that this question was not brought to the attention of the trial Court either in the motion for directed verdict, or by a request to charge, or by a motion for a new trial, or in any other way. The same having not been raised by the appellant in the lower Court, it is not properly before us. This Court cannot consider any question which was not presented in the lower Court.

In its brief appellant complains of error on the part of the trial Judge in his instructions to the jury. There is no exception raising such question, and therefore it cannot be considered.

It is the judgment of this Court that the judgment of the lower Court be, and the same is hereby, affirmed.

MR. CHIEF JUSTICE STABLER, MESSRS. JUSTICES CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE A. L. GASTON, concur.