227 S.C. 187 (1955)
87 S.E.2d 577
UNITED STATES OF AMERICA, Appellant,
v.
STATE OF SOUTH CAROLINA ET AL., Respondents.
17001
Supreme Court of South Carolina.
May 12, 1955.
*188 *189 Messrs. H. Brian Holland, Assistant U.S. Attorney General, Ellis N. Slack, A.F. Prescott, and Edward W. Rothe, Special Assistants to the U.S. Attorney General, of Washington, D.C., and N. Welch Morrisette, Jr., United States Attorney, and Arthur G. Howe, Assistant United States Attorney, of Columbia, for Appellant.
*190 Messrs. T.C. Callison, Attorney General of S.C. J.M. Windham, Assistant Attorney General of S.C., and D.L. Odom, of Columbia, for Respondent, State of South Carolina.
Sam Rogol, Esq., of Darlington, for the Respondent, Darlington County Bank and Trust Co..
Messrs Tison & Tison, of Bennettsville, Attorneys for Respondent, Fannie I Caulk.
May 12, 1955.
OXNER, Justice.
The principal question to be decided on this appeal is whether in the distribution of the assets of an insolvent debtor in the hands of a receiver, claims of the United States for income taxes have priority over a judgment held by the Darlington County Bank & Trust Company, four *191 income tax liens held by the State of South Carolina, and certain taxes owed to the County of Marlboro and the Town of Bennettsville. Also presented is a subsidiary question as to the proper method to be used in determining the value of the inchoate dower interest of the debtor's wife.
As a result of an action commenced on June 24, 1953, in the Court of Common Pleas for Marlboro County, a receiver was appointed on August 18, 1953, to take charge of all the assets of Edmond Caulk, a resident of Marlboro County who was formerly engaged in the retail clothing business and, also, operated a restaurant in Marlboro County. The usual notice to creditors was published and a number of claims, both secured and unsecured, were filed with the receiver. On October 10, 1953, the Court ordered the sale of all property belonging to the insolvent debtor. By an order issued on October 17, 1953, Fannie Q. Caulk, the debtor's wife, was, on her petition, made a party to the proceeding and the value of her inchoate dower interest in the real property was, by agreement of her attorney and the attorney for the receiver, fixed at one-sixth of the amount to be realized from the sale of the real estate, said sum to be set aside and held in a separate account subject to the final determination of her dower rights as against the claim of the United States which had not then been filed. Later on October 30th, the claim of the United States was filed with the receiver.
Pursuant to the order of October 10th, a sale was held by the receiver on November 2, 1953. By agreement of the parties, the property was sold free and clear of all encumbrances and Mrs. Caulk's right of dower, and all claims transferred to the proceeds of sale. The real estate brought $42,235.00 and the personal property $5,015.00. It clearly appeared after the sale that there would be nothing for unsecured creditors. The secured claims were as follows:
1. Judgment held by the Darlington County Bank & Trust Company for $2,356.67, dated October 8, 1947, and *192 filed on the same day in the office of the Clerk of Court for Marlboro County.
2. Mortgage held by S.J.T. Quick, for $4,000.00, dated November 3, 1947, and recorded on the same day in the office of the Clerk of Court.
3. Mortgage held by Jack Land, for $3,000.00, dated July 29, 1950, and recorded on the same day in the Clerk's office.
4. Four income tax warrants by the State of South Carolina, aggregating $15,466.53, which were filed with the Clerk of Court of Marlboro County and entered in the judgment docket on February 24, 1950.
5. Two income tax liens by the United States. The first, in the sum of $86,562.61, was filed in the Clerk's office on February 28, 1951, and the other, for $4,233.00, was entered in said office on December 20, 1951.
6. Taxes due the County of Marlboro for the years 1945, 1946, 1948, 1950, 1951, 1952 and 1953, totaling $2,534.38.
7. Taxes due the Town of Bennettsville for the years 1949 to 1953, inclusive, aggregating $1,305.35.
The Court below was called upon to determine the relative priority of these liens and also the dower rights of Mrs. Caulk. Pursuant to notice, a hearing was held on February 27, 1954, for the purpose of taking testimony and determining all issues in the case. At this hearing all parties agreed that there should first be paid the costs of the receivership and from the proceeds of the sale of the real estate, there should also be paid the mortgages held by Land and Quick. The United States contended that its income tax liens were superior to all other secured claims and to Mrs. Caulk's claim of dower.
An order was filed on April 13, 1954, in which the Court held that since the personal property had never been seized under execution, the proceeds from the sale thereof should be paid to the United States by virtue of the priority *193 given the Government by Section 3466 of the Revised Statutes, 31 U.S.C.A. § 191. As to the proceeds from the sale of the real estate, the Court concluded (1) that there should be paid to Mrs. Caulk one sixth thereof, or $7,039.17, which had previously been set apart and held subject to a final determination of her right of dower; (2) that the judgment held by the Darlington County Bank & Trust Company and the income tax liens held by the State of South Carolina were senior to the income tax liens filed by the United States; and (3) that with respect to the taxes due the County of Marlboro and the Town of Bennettsville, the liens of the United States were superior "as to all amounts due for such taxes subsequent to the date of the receipt of the assessment list by the Collector of Internal Revenue, or the filing of the judgment, or either", but as to all taxes accrued prior to this time, the claim of the United States was inferior. From this order, the United States has appealed.
On the question of dower, the position now taken by the Government is entirely different from that advanced in the Court below. At the hearing before the Circuit Judge, the Government asserted both in open court and in its brief "that the only question concerning the dower of Fannie Q. Caulk was whether an inchoate dower right in South Carolina was a property right or a lien." If the former, it was conceded that one-sixth of the proceeds of the sale of real estate previously set aside should be paid to Mrs. Caulk. But it was argued that if her inchoate dower right was an encumbrance or lien, the United States would be entitled to priority of payment by virtue of the provisions of Section 3466 of the Revised Statutes, 31 U.S.C.A. § 191. The Circuit Judge held that dower was a substantial right of property, citing Shell v. Duncan, 31 S.C. 547, 10 S.E. 330, 5 L.R.A. 821; Elder v. McIntosh, 88 S.C. 286, 70 S.E. 807; Brown v. Brown, 94 S.C. 492, 78 S.E. 447. To these cases may be added the recent case of Shelton v. Shelton, 225 S.C. 502, 83 S.E. (2d) 176. On this appeal, *194 it is expressly stated that this ruling by the Court below is not contested and that objection is made only to the amount awarded Mrs. Caulk for her dower interest. It is now argued that she is only entitled to the present value of her contingent right of dower computed according to the formula laid down in Ladshaw v. Drake, 183 S.C. 536, 191 S.E. 713, and that the Court erred in awarding an amount equal to that assigned a widow after the death of her husband. The question now raised having not been presented in the lower Court cannot be urged for the first time here. Hall v. Equitable Life Assurance Society of the United States, 177 S.C. 148, 181 S.E. 33; Trotter v. Merchants & Farmers Bank, 180 S.C. 449, 186 S.E. 371, 105 A.L.R. 1512; Croft v. Faust, 209 S.C. 477, 40 S.E. (2d) 801, and other cases too numerous to mention.
As to the other claims mentioned, the Government bases its claim of priority primarily upon Section 3466 of the Revised Statutes, 31 U.S.C.A. § 191, which provides, in pertinent part, that "whenever any person indebted to the United States is insolvent, * * * the debts due to the United States shall be first satisfied." In substantially its present form, this section has been the law of the United States since a very early period of its history.
In a number of cases the United States Supreme Court has held that under some circumstances debts due the United States take precedence over antedating liens for taxes due a state or municipality where the latter are general and inchoate. Spokane County v. United States, 279 U.S. 80, 49 S.Ct. 321, 73 L.Ed. 621; People of State of New York v. McClay, 288 U.S. 290, 53 S.Ct. 323, 77 L.Ed. 754; United States v. Texas, 314 U.S. 480, 62 S.Ct. 350, 86 L.Ed. 356; Illinois ex rel. Gordon v. Campbell, 329 U.S. 362, 67 S.Ct. 340, 91 L.Ed. 348. All of these cases were decided under Section 3466, supra. But it has never held that the priority given the United States by this statute applies to a specific and perfected lien. This question has been consistently reserved. As stated in Evans v. Stewart, Iowa, 66 *195 N.W. (2d) 442, 445: "The fact that the United States Supreme Court has so often decided such controversies by resolving debatable questions of specificity and perfection of the lien when the decision would be simplified by holding the federal priority superseded a lien, leads one to believe that, when the question is squarely presented, the decision will not result in a subordination of the lien to the priority." We feel justified, therefore, in acting on the assumption that the United States Supreme Court would hold that the priority set up in Section 3466 would not supersede a lien which was specific and perfected at the time the receiver was appointed. It was so held in United States v. Atlantic Municipal Corporation, 5 Cir., 212 F. (2d) 709, 711. The Court there said: "This statute applies only as against unsecured debts, that is, debts not secured by a specific and perfected lien. It has never been, we think it will never be, applied as it is sought to be applied here, to accord payment to a debt due the United States in preference to a claim by a lien which is prior in time and superior in law to the lien of the United States securing the debt for which preferential payment is sought." This decision was followed in the recent case of United States v. Fidelity & Deposit Company of Maryland, 5 Cir., 214 F. (2d) 565.
The next inquiry is whether the liens of the Darlington County Bank & Trust Co., the State of South Carolina, the County of Marlboro and the Town of Bennettsville can be properly classified as "specific and perfected." It is generally held that a lien is perfected when "there is nothing more to be done to have a choate lien  when the identity of the lienor, the property subject to the lien, and the amount of the lien are established." United States v. City of New Britain, Conn., 347 U.S. 81, 74 S.Ct. 367, 369, 98 L.Ed. 520. The lien must be definite and not merely ascertainable in the future by taking some further steps. The amount must be clearly established and not open to change of any sort in a subsequent proceeding and the lien must not be dependent upon any contingency. State v. Woodruff, *196 253 Ala. 620, 46 So. (2d) 553; Evans v. Stewart, supra, Iowa, 66 N.W. (2d) 442.
We think the liens of respondents meet the foregoing test. Under the terms of Section 10-1561 of the 1952 Code, a final judgment entered in any court of record in this state constitutes a lien upon all the real estate of the judgment debtor situate in any county in which such judgment is entered and duly indexed. Said lien commences from the time of entry and continues for a period of ten years from the date of such judgment. Section 65-345 requires the Clerk of Court, when a South Carolina income tax warrant is filed with him, to enter same in the judgment docket and index such warrant, and thereupon the amount of such warrant so docketed is made a lien upon all the property of the taxpayer in such county "in the same manner as a judgment duly docketed in the office of said clerk." Under the terms of Section 65-2702, all tax assessments are made a first lien upon the property taxed. Such lien attaches at the beginning of the fiscal year during which the tax is levied. Section 65-2701. Under the terms of Section 47-253, municipal taxes are made a lien upon the property upon which the tax is levied, paramount to all other liens except the lien for county and state taxes.
In the case of each of the liens mentioned, the amount is definite and conclusive and not subject to change, and can only be discharged by payment in full. The property burdened with the lien is definite and certain. The fact that some of the liens involved in this case attach to all the property of the taxpayer or judgment debtor situate in the county in which the lien is recorded does not deprive it of specificity. A lien is not any less specific because it attaches to a number of pieces of property instead of a single piece. United States v. City of Greenville, 4 Cir., 118 F. (2d) 963. It is argued that no steps were ever taken by any of these lienors to seize the property under execution and reduce same to possession prior to the date of the appointment of the receiver. The Court below held this was essential *197 to the perfection of a lien on personal property. We are not concerned with the correctness of this ruling because there was no appeal from this portion of the order of the Circuit Judge. It is sufficient to say that seizure is not necessary to perfect a lien on real estate. It would hardly be contended that in case of insolvency, priority should be given the Government under Section 3466 over a real estate mortgage because no steps had been taken to foreclose the lien. Nor do we think it is essential to proceed under execution against real estate in order to perfect the statutory liens above mentioned.
The Court in the case of United States v. City of New Britian, Conn., supra, 347 U.S. 81, 74 S.Ct. 367, apparently assumed that liens of the character held by respondents met the test as to perfection and specificity and in the following cases it was definitely so held: United States v. Atlantic Municipal Corporation, supra, 212 F. (2d) 709; Evans v. Stewart, supra, Iowa, 66 N.W. (2d) 442; State v. Woodroff, supra, 253 Ala. 620, 46 So. (2d) 553; National Surety Corporation v. Sharpe, 236 N.C. 35, 72 S. E. (2d) 109.
We next consider any right of the Government to priority under Sections 3670-3672 of the Internal Revenue Code, 26 U.S.C.A. §§ 3670-3672. Section 3670 provides: "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount * * * shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." The next section, or 3671, provides in part: "* * * the lien shall arise at the time the assessment list was received by the collector", and Section 3672 as amended in 1942 provides in part the "lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector * * * in the office in which the filing of such notice is authorized by the law of the State *198 * * * in which the property subject to the lien is situated * * *."
It was held in United States v. City of New Britian, Conn., supra, [347 U.S. 81, 74 S.Ct. 370] that the foregoing statute does not in terms confer priority upon the federal liens and that where other statutory liens are involved, the priority of each "must depend on the time it attached to the property in question and became choate." The Court there held that priority is determined by the principle, "`the first in time is the first in right.'" In line with this decision it was held in United States v. Atlantic Municipal Corporation, supra, that a specific and perfected lien for ad valorem taxes due to a county which had attached to the taxpayer's property prior to the filing of a federal tax lien, had priority over the federal lien, even though the taxpayer was insolvent.
Applying the foregoing principles to the facts of the instant case, we think the Court below correctly held that the federal liens were inferior to those of the judgment creditor and the income tax liens of the State of South Carolina, and also to those taxes owing to the County of Marlboro and the Town of Bennettsville which had accrued prior to the filing of the federal liens in the office of the clerk of court. It is true that under the terms of Section 3671 of the Internal Revenue Code, the federal liens arose at the time the assessment lists were received by the collector. But the record before us does not show when either assessment was received in that office. We have only before us the fact that the first lien was filed in the clerk's office on February 28, 1951, and the second on December 20, 1951. Very probably the assessment lists were received by the collector prior to these dates, but since the burden rested upon the Government to show any fact necessary to establish priority, we must on the record before us take the date that the liens were recorded. Long prior to this time the judgment and the South Carolina income tax liens were filed and entered in the office of the clerk of court. Also *199 prior to the time the federal liens were recorded taxes due the County of Marlboro and the Town of Bennettsville for 1950 and the years prior thereto had accrued and constituted specific and perfected liens. To this extent such taxes have priority over the federal liens. When the first federal lien was entered in the clerk's office on February 28, 1951, the taxes for 1951 were inchoate and not perfected. Town of Myrtle Beach v. Holliday, Tax Collector, 203 S.C. 25, 26 S.E. (2d). The taxes due to these political subdivisions for the year 1951 and subsequent years must rank inferior to the federal liens.
In reaching the foregoing conclusion we have not overlooked the recent case of United States v. Scovil, 348 U.S. 218, 75 S.Ct. 244, and the companion cases of United States v. Acri, 348 U.S. 211, 75 S.Ct. 239, and United States v. Liverpool & London & Globe Insurance Co., 348 U.S. 215, 75 S.Ct. 247. They are readily distinguishable in that in each of them the lien in controversy had not been perfected at the time the federal tax lien was received in the office of the collector. Also, in United States v. Gilbert Associates, 345 U.S. 361, 73 S.Ct. 701, 97 L.Ed. 1071, the municipal tax lien had not been perfected. Moreover, in that case only personal property was involved.
The priority of the lien of the Darlington County Bank & Trust Company can be sustained on the further ground that under the terms of Section 3672 of the Internal Revenue Code, the lien created by Section 3670 is not valid as against an antecedent judgment creditor. We find it unnecessary to determine whether the State of South Carolina is a judgment creditor within the meaning of Section 3672.
Affirmed.
BAKER, C.J., and STUKES, TAYLOR and LEGGE, JJ., concur.