### 8554

### BROWN v. BROWN.

Dower.—Equity will protect the inchoate right of dower. Rule for computing inchoate right of dower stated. The method of protecting the right depends on the facts of each case and is done in various ways.

Before Spain, J., Chesterfield, March, 1912. Reversed.

Action by J. H. Brown and Nancy Brown against Jesse C. Brown and A. M. McNair. Plaintiffs appeal.

*Messrs. Miller & Lawson,* for appellants, cite: 4 Rich. Eq. 140; 31 S. C. 566; 44 S. C. 226; 69 S. C. 373; 77 S. C. 65; 88 S. C. 292; 13 Am. R. 523; 24 Am. R. 740; 4 L. R. A. 119; 5 N. J. L. 824; 30 Ency. 240; 1 Pom. Eq. Jur., sec. 423; 166 U. S. 226; 195 U. S. 298; 167 U. S. 416.

*Messrs. Dennis & Tison,* contra.

May 27, 1913. The opinion of the Court was delivered by

Mr. Justice Hydrick. This is an appeal from an order, refusing to enjoin the defendants from committing waste,

on the ground that the wife of a grantor, is not entitled to the equitable aid of the Court, in the protection of a mere inchoate right of dower.

In substance the complaint alleges: That the plaintiffs were lawfully married; that during coverture, the plaintiff, J. H. Brown, conveyed the land described in the complaint to Jesse C. Brown; that the plaintiff, Nancy A. Brown, has never relinquished her dower in said lands; that Jesse C. Brown has sold to the defendant, A. M. McNair, all the timber on said lands, without which they would be rendered almost, if not altogether worthless; that the defendants have already committed acts of waste, and threaten to continue to do so, unless enjoined, to the irreparable injury of the plaintiff, Nancy A. Brown; that the defendant, Jesse C. Brown, is insolvent; and that the plaintiffs have no other adequate remedy.

In the consideration of this question, it will be necessary to determine the nature of the inchoate right of dower, which is thus described in 2 Scribner on Dower 5: "It is difficult to state with precision, the nature or qualities of inchoate dower interest, when considered as a right of property. A certain vagueness of expression uniformly characterizes the discussions of the subject, and these discussions are commonly attended with unsatisfactory results;" and after considering the cases in which the nature and qualities of this right have been discussed, the author concludes in these words: "Although, therefore, an inchoate right of dower, can not be properly denominated, an estate in lands, nor, indeed, a vested interest therein, and notwithstanding, the difficulty of defining with accuracy, the precise legal qualities of the interest, it may, nevertheless, be fairly deduced from the authorities, that it is a substantial right, possessing, in contemplation of law, the attributes of property, and to be estimated and valued as such."

After quoting the foregoing language with approval, Mr. Justice McIver (afterwards Chief Justice), in the case of

*Shell* v. *Duncan,* 31 S. C. 547, says: "The inchoate right of dower has been treated as such a substantial right of property, as will afford a basis for an action to protect it. Its present value may be judicially ascertained and protected." He cites authorities to sustain these propositions.

In Park on Dower 237, it is said to be "a right attaching by implication of law, which although it may possibly never be called into effect (as where the wife dies in the lifetime of the husband), yet from the moment that the fact of *marriage and of seizin have concurred, is so fixed on the land,* as to become a title paramount, to that of any other person, claiming under the husband by a subsequent act." This language is quoted with approval in the case of *Cunningham* v. *Shannon,* 4 Rich. Eq. 135.

In the case of *McCreery* v. *Davis,* 44 S. C. 195, the Court, in speaking of the right of dower, says: "Although it is inchoate, yet it is a substantial right of property."

From the foregoing citations of authority, it is clear that the Circuit Judge erred in holding that equity would not protect an inchoate right of dower.

But while the Court will protect the right, it should do so in such a manner as to discourage the improvement of estates as little as possible. In a case like this, where the land has been aliened in the lifetime of the husband, the statute (Civil Code 1912, sec. 3491) fixes the value of the land at the time of alienation with interest from the death of the husband as the value upon which to assess dower. No fixed rule has been adopted in this State by which the present value of an inchoate right of dower may be ascertained. In some cases, after the death of the husband, one-sixth of the value of the land has been assigned to the widow absolutely as a fair equivalent of one-third thereof during her life. Clearly, this can not be adopted as an invariable rule, because the value of the dower depends upon other elements besides the value of the land,—such, for example, as the age, habits, constitution and health of the widow, while the value

of the inchoate right depends not only upon these as they affect the wife, but as they affect the husband also. In *Payne* v. *Melton,* 69 S. C. 370, the Court held that one-sixth of the value of the land was too much to be reserved by a purchaser to protect himself against the inchoate right of dower of the wife of his vendor. The rule which seems to be based upon the best reason is that announced by Chancellor Walworth, in *Jackson* v. *Edwards,* 7 Paige 386, 408. It is there said that "the proper rule for computing the present value of the wife's contingent right of dower, during the life of the husband, is to ascertain the present value of an annuity for her life, equal to the interest in the third of the proceeds of the estate to which her contingent right of dower attaches, and then to deduct from the present value of the annuity for her life, the value of a similar annuity depending upon the joint lives of herself and her husband; and the difference between those two sums will be the present value of her contingent right of dower." This rule was adopted by the Supreme Court of Alabama in *Gordon* v. *Tweedy,* 74 Ala. 232, 49 Am. Rep. 813, and impliedly by this Court, by the citation of that case in *Shell* v. *Duncan,* 31 S. C. 566, as authority for the proposition that the present value of the right may be judicially ascertained and protected.

When the present value of the inchoate right of dower shall have been ascertained, the Court will be in better position to make adequate provision for its protection, which may be done in various ways, according to the discretion of the Court, depending upon the circumstances of each case. *Wannamaker* v. *Brown,* 77 S. C. 64; *Jackson* v. *Edwards, supra.* If it should appear that the alleged waste will be so inconsiderable that the value of the land will not be substantially impaired, injunction should be refused, for instance, the destruction of a body of timber on a plantation might be waste from a legal standpoint, yet if it is done for the purpose of bringing the land into cultivation, it might result in

materially enhancing its value, and to enjoin it might prevent a substantial improvement.

As it may be difficult, if not impossible, after the lapse of many years, to prove the value of the land at the date of alienation, either the owner of the land, to which the inchoate right of dower has attached or the contingent dowress may implead the one, that the value of the right may be judicially ascertained so that he may make improvements upon the estate without fear of losing them by having them assigned to the widow as part of her dower or in enhancement thereof in the event that her inchoate right should become consummate; the other, that her right may be protected.

The order appealed from is, therefore, reversed and the case remanded for further proceedings not inconsistent with the views herein announced.