14489

LADSHAW v. DRAKE *ET AL.*

(191 S. E., 713)

October, 1936.

*Messrs. Rogers & Ellerbe,* for appellant,

538

*Messrs. Stevenson & Lindsay,* for respondent, Jas. N. Drake,

*Messrs. Tison & Miller,* for Nonie McL. Matheson and other respondents,

*Mr. G. W. Freeman, Jr.,* for other respondents.

May 31, 1937.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

It appears from the record that the late A. J. Matheson devised unto his son, A. D. Matheson, a large plantation located in the County of Marlboro, known as "Louden," and also a valuable residence situate in the Town of Bennettsville. The devise of the plantation to A. D. Matheson was made subject to his assuming and carrying out a contract which the testator had made with the Board of Missions of the Presbyterian Church in the United States, wherein he agreed to pay this board the sum of $1,200.00 yearly for a period of twenty years, beginning April 1, 1918. In A. J. Mathtson's will it was provided that A. D. Matheson should pay upon the contract whatever balance remained unpaid at testator's death, as the same fell due, and this obligation was made a charge and lien upon Louden Plantation. The annual payments were made by A. D. Matheson for several years, but, becoming financially embarrassed, and unable to meet further payments, it seems that he obtained a release from the Board of Missions, and in winding up the transaction the Board of Missions assigned the contract, together with the rights under it and under the will of the testator providing for its payment, unto Mrs. Nonie McLaurin Matheson, the wife of A. D. Matheson, as trustees for herself and her two children.

On October 10, 1931, A. D. Matheson, being involvent, made an assignment for the benefit of his creditors, and conveyed by deed all of his property, both real and personal, to James N. Drake, as trustee. This assignment was usual

in form, and included among its provisions a reservation and exception unto the grantor of his homestead exemption. The deed did not carry the renunciation of dower of his wife, Mrs. Nonie McLaurin Matheson.

Both A. D. Matheson and his wife, Nonie McLaurin Matheson, are now living.

We also gather from the record that following the execution and delivery of the deed of assignment for the benefit of creditors, James N. Drake, as trustee thereunder, on the 17th day of December, 1931, commenced in the Court of Common Pleas for Marlboro County a general creditor's suit, in which he brought in all proper parties, and in which he sought the direction of the Court in the orderly administration and distribution of the property. The Court thereupon passed an order, enjoining creditors from suing, requiring the filing and establishment of claims in the cause, and providing for the judicial administration of the trust.

To this end the entire cause was referred to J. E. Leppard, Esq., as Referee, including the determination of the rights of Mrs. Nonie McLaurin Matheson, as trustee under the assignment of the contract to her by the Board of Missions of the Presbyterian Church, which is in direct issue. But it does not appear that any reference has yet been held before the Referee.

The issues involved in this appeal arose in the course of the administration of the trust estate, and is an offshoot therefrom.

In this proceeding, James N. Drake, by his petition to the Court, sets forth that the real estate herein referred to constitutes the main asset conveyed to him by A. D. Matheson for the benefit of creditors; that a claim has been filed with him by Mrs. Matheson, as trustee for herself and her two children under the written assignment to her of the contract, to which reference has been made, but that this claim is in litigation, having been denied by him and by various

creditors. He further alleged that, financially, conditions having improved, he and the creditors' committee, acting with him, have reached the conclusion that it is now desirable and expedient to sell the real estate and convert the same into money, but that it would be disadvantageous to offer the property for sale pending the adjudication of this claim of Mrs. Matheson, and for the further reason that the inchoate right of dower therein is outstanding in her; that, in order that the real estate might be sold advantageously, free of this claim and the contingent right, it is stated that Mrs. Matheson has agreed with the assignee and creditors' committee to renounce her dower and release the estate from any right she may have as trustee under the instrument above recited, for a consideration of $5,850.00, the same to be paid out of the proceeds of the lands when sold. It is alleged by Mr. Drake that in his opinion and in the opinion of the creditors' committee this would be a fair settlement; and by his petition he seeks confirmation and sanction of this agreement by the Court.

Mrs. Nonie McLaurin Matheson, in her petition in this proceeding, sets forth the matters and things which we have already recited, and alleges her willingness to accept the sum of $5,850.00, in settlement of the church claim and for her inchoate right of dower.

The appellant, Lettie M. Ladshaw, who, individually and as guardian for her children, J. J. Matheson and J. K. Matheson, has filed claims with James N. Drake, assignee and trustee, aggregating nearly $30,000.00 in her petition, vigorously assails the proposed settlement. She admits the existence of the inchoate right of dower is outstanding in Mrs. Nonie McLaurin Matheson, but denies that this contingent right is worth the sum agreed upon; and, further, that, with respect to Mrs. Matheson's claim under the assignment from the Board of Missions of the Presbyterian Church, she denies that Mrs. Matheson is entitled to anything whatsoever thereunder. It is alleged in this petition

that all claims against the insolvent estate should be established by proper and legitimate proof, and objection is made to the sale of the property in advance of the establishment of the amount of all claims against the estate, in order that all creditors may have a full opportunity and be in a position to protect their rights in the premises when said property is sold. The prayer of the petition is that the Court, before acting upon the petition of James N. Drake, order a reference to take testimony and inquire into all matters put in issue by the several petitions.

The matter came on to be heard before his Honor, Judge Dennis, upon these petitions, and at the hearing all parties were represented by counsel. After hearing argument, and with no testimony before him, except the unsworn oral statement of Mr. Drake as to the value of the plantation, his Honor approved the proposed settlement as being advantageous for the estate, and, by his order, directed that, out of the proceeds derived from the lands when sold, the sum of $5,850.00 be paid to Mrs. Matheson, upon execution by her of all appropriate releases and renunciation when called upon. The order further provided that the sum of $1,000.00 out of the proceeds of the sale when made be paid to A. D. Matheson in full settlement of his homestead rights. It was further provided, among other things, that upon the execution of proper releases and renunciations, and the delivery of these instruments to the assignee, the real property be impressed with a lien in favor of Mrs. Nonie McLaurin Matheson for the payment of the said sum of $5,850.00, subject only to the homestead rights of her husband, and any claim for taxes or assessments, but such amount not to bear interest, as it would not be payable until the property should be sold.

We have deemed it necessary to make this rather lengthy prefatory statement in order that the issues may be fully understood.

The appellant, Mrs. Ladshaw, has appealed from the order of the Circuit Judge upon several exceptions. In the view that we take of the case it will be necessary to consider only two questions. The first of these questions is jurisdictional: Did the Circuit Judge under the facts of the case have full equity power and jurisdiction to hear and determine the controversy involved in the record?

There can be no doubt of the power of the Court and of the jurisdiction over the trustee and the trust property, and all issues which might arise thereabout. It is manifest that the Circuit Court of Marlboro County had full and complete jurisdiction, both of the subject-matter and of the persons of appellant and the other parties in interest, and that, in administering upon the property, it had power and authority to adjudicate and determine both the legal and the equitable rights of the respective parties in the controversy. 4 Am. Jur., Assignments for Benefit of Creditors, § 7.

A more serious question, however, demands our consideration. Error is assigned to the Circuit Judge because he passed upon the issues presented to him without first taking testimony himself, or ordering a reference and having the report of a Referee as to the value of the inchoate dower right of Mrs. Nonie McLaurin Matheson; and, further, in revoking so much of the general order of reference previously granted in the main case as provided for the taking of testimony and the determination of the rights of Mrs. Matheson under the assignment alleged to have been made to her by the Board of Missions of the Presbyterian Church, and in virtually adjudicating that issue.

We think there is merit in both of these contentions, which require a reversal of the judgment of the lower Court. It is argued by the respondents that a reference to inquire into these matters is unnecessary, because all that the Court was requested to do, and did do, was to approve the settlement of litigated and contingent claims by way of com-

promise—a compromise which was advantageous to the estate and to all the parties concerned. It is said that it was a mere administrative order. We are unable to perceive how this can be done in the absence of testimony, except by consent, or upon an agreed statement of fact.

It may be conceded that the Court cannot compel the renunciation of dower, which in this case is an inchoate right, and that there may be no feasible way of removing this inchoate right of dower, except by agreement with Mrs. Matheson. But, where a contest is made, the value of such inchoate dower right must be ascertained by the method provided by law. No arbitrary power exists in the Court to determine the value of dower, in the absence of evidence as to that value.

The inchoate right of dower is a substantial right of property, *McCreery v. Davis,* 44 S. C., 195, 22 S. E., 178, 28 L. R. A., 655, 51 Am. St. Rep., 794; and its present value may be judically ascertained and protected, *Brown v. Brown,* 94 S. C., 492, 78 S. E., 447; *Shell v. Duncan,* 31 S. C., 547, 10 S. E., 330, 5 L. R. A., 821.

The present value of the wife's contingent right of dower during the life of the husband can be computed. 2 Scribner, Dower, 8. The correct rule of computation is to ascertain the present value of an annuity for her life, equal to the interest in the third of the proceeds of the estate to which her contingent right of dower attaches, and then to deduct, from the present value of the annuity for her life, the value of a similar annuity depending upon the joint lives of herself and her husband. The difference between these two sums will be the present value of her contingnt right of dower. *Brown v. Brown, supra; American Blower Co. v. MacKenzie,* 197 N. C., 152, 147 S. E., 829, 64 A. L. R., 1047; *Jackson v. Edwards,* 7 Paige (N. Y.), 386, 408; *Strayer v. Long,* 86 Va., 557, 563, 10 S. E., 574; *Gordon v. Tweedy,* 74 Ala., 232, 49 Am. Rep., 813.

It is obvious that there is a difference between this rule and the rule for ascertaining the present worth of dower to which the wife is entitled after the death of her husband. One of its commendable features is the means by which the rights of the parties are presently determinable, and by which the title to property is released from incumbrance or doubt. The value of the dower consummate depends upon the value of the lands, the age, life expectancy, habits, constitution, and health of the widow, while the value of the inchoate right depends not only upon these as they affect the wife, but as they affect the husband, also. *Brown v. Brown, supra.*

We are also of the opinion, in view of the issues presented by this appeal, that the amount to be paid to A. D. Matheson in settlement of his homestead rights should await the final determination of the case.

We do not disturb that portion of the Circuit Court's order which authorizes the assignee, James N. Drake, to enter into such usual contracts with tenants upon Louden Plantation as in his discretion he may think best for the conduct of the plantation and the preservation of the property for the year 1937.

Except as to this provision, the judgment of the lower Court is reversed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and BAKER concur.