15255

HARLEY *ET AL.* v. ORVIN

(14 S. E. (2d), 701)

*Mr. John I. Cosgrove,* of Charleston, for appellant,

*Mr. Joseph Fromberg*, of Charleston, for respondents,

May 7, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE FISHBURNE.

This suit was brought by the plaintiff against the defend-'ant for the specific performance of a written contract for the sale and purchase of a lot of land in the City of Charleston. The issues arise solely upon the pleadings, the complaint, answer, reply, and demurrer. Upon the advice of counsel the defendant refused to accept the tendered conveyance of the premises upon the ground, among others, that there was no proper renunciation of dower connected with the deed.

It appears that prior to the year 1919, Wallace K. Harley was married to one, Marie K. Harley. In 1919, they separated, and apparently a written agreement of separation was drawn and executed. This agreement is referred to in the pleadings, but no copy thereof appears in the case. Some time in the year 1922, pursuant to proceedings for a divorce, brought in Richmond County, Georgia, by Wallace K. Harley against Marie K. Harley, an alleged absolute decree of divorce was granted by the Superior Court of that county. An attack is made upon the validity of this divorce by the defendant, but in view of our disposition of the question involving the renunciation of dower, to which more particular reference will be made, it is not necessary to inquire into the legal sufficiency of the divorce proceedings. Subsequent to the suit for divorce, Harley married one Edna R. Harley. Marie K. Harley is now alive, and resides in the City of Charleston.

In 1931, the lot in question was conveyed to Harley, and thereafter, in 1932, he conveyed the premises to himself, as trustee, reserving unto himself a life estate, and granting the remainder in fee to Edna R. Harley. Under this deed of conveyance, Harley is given full power of sale for exchange of

investment and other purposes. Annexed to the deed is a renunciation of dower by Edna R. Harley.

The defendant contends that when the conveyance of the lot in question was made in 1932 by Harley, individually, to himself as trustee, the marriage relation between him and Marie K. Harley still existed, and that she did not renounce dower thereon. This brings us to the main question in the case, which has to do with the following purported renunciation of dower executed by Marie K. Harley:

"State of South Carolina,
"County of Charleston.

"I, Wm. Henry Parker a Notary Public, do hereby certify to all whom it may concern that Mrs. Marie K. Harley, the wife of the within named Wallace K. Harley, did this day appear before me, and upon being privately and separately examined by me, did declare that she and her said husband have entered into a written contract by which they have mutually agreed to live separately and apart, and by which they have mutually agreed to release each other from the obligations of the marriage relation, and does further declare that she does freely, voluntarily and without any compulsion, dread or fear of any person or persons whomsoever, renounce, release and forever relinquish absolutely and forever, all her interest and estate, and also all her right and claim of dower, of, in or to all and singular the real estate which he, the said Wallace K. Harley, may hereafter acquire either by purchase, grant, devise or inheritance.

"Given under my Hand and Seal
this 13th day of August A.D. 1919.
(Signed) Marie K. Harley (L. S.),
"(Signed) Wm. Henry Parker (L. S.),
        "Notary Public.

"Signed, Sealed and Delivered in the presence of:
    "(Signed) Wm. Henry Parker
"(Signed) Clare L. Doscher.

"State of South Carolina,
"County of Charleston.

"Personally appeared before me Clare L. Doscher, who being duly sworn deposes and says that she saw the within named Marie K. Harley sign, seal, and as her Act and Deed, deliver the within written Renunciation of Dower, and that she with Wm. Henry Parker witnessed the execution thereof.

(Signed) Clare L. Doscher.
"Sworn and subscribed before me this 3rd
day of September, A.D. 1919.
"(Signed) St. John P. Kinlock
"Notary Public in and for S. C."

The Lower Court held that the above quoted instrument complied with the provisions of the statute, and should be upheld as a valid and effectual renunciation of dower ; it was also adjudged that the writing constituted a contract by which, under applicable decisions of this Court, Marie K. Harley is effectually barred of any claim to dower in the property covered by the deed. The defendant (appellant here) contends that the instrument is not a statutory renunciation of dower, and that if it can be construed as an agreement releasing all claim to dower, nothing appears to show that it was based upon a valuable consideration. In the progress of the case below the appellant made two unsuccessful motions to have Marie K. Harley brought in as a party to this suit so that her rights, if any, might be determined, it being alleged that she is a necessary party for this purpose, and that in her absence the Court by its construction of the purported renunciation of dower, cannot bind her.

On the first issue, we think it clear that the instrument of writing does not meet the requirements of the statutes, and is not a formal, statutory renunciation of the inchoate right of dower of Marie K. Harley. It is not a part of nor appended to a conveyance of the husband, nor is it made in favor of a named grantee of the husband, nor in favor of any person or persons who have succeeded the husband in title,

either immediately or mediately. The purported renunciation of dower likewise carries no description of real estate, which under the statute is required where a renunciation of dower is made by instrument not attached to the deed. Sections 8579, 8580, and 8581, 1932 Code. *Mobley v. Mobley,* 14 Rich. Eq., 280. The paper attempts an independent alienation of the right of dower in real estate which may thereafter be acquired by Wallace K. Harley, and specifically refers to a written contract entered into between the husband and the wife reciting that they had mutually agreed to live separate and apart, and to release each other from the obligations of the marriage relation. Obviously, this purported renunciation straightway puts a prospective purchaser on notice of the agreement which had been entered into between Wallace K. Harley and Marie K. Harley; and it is evident that this agreement prompted the execution of the purported renunciation of dower.

Appellant urges that if the quoted instrument be construed as a contract or agreement on the part of Marie K. Harley to release dower, then there is nothing in the record to show that such agreement was founded upon a valuable consideration.

There is no doubt, as was held by the lower Court, that a married woman may make a binding contract not to claim dower out of the property or estate of her husband. We held in *Tuten v. Almeda Farms,* 184 S. C., 195, 192 S. E., 153, 157: "It may now be regarded as settled in this state that a married woman, during the lifetime of her husband, may by covenant, in writing, for valuable consideration, legally bind herself not to claim dower out of her husband's lands; but, to have such effect, the covenant must be entirely free from doubt—clear, positive, and express in its terms."

Respondent contends that the quoted instrument is entirely free from doubt, and is clear, positive, and express in its terms, but we think respondent confuses that paper with the contract in writing which is referred to therein, as to which

we know nothing. The agreement in writing referred to is not a part of the record in this case, it was not before the Circuit Court, and it does not appear that it is recorded. Nor is it suggested that the wife, Marie K. Harley, received for its execution a valuable consideration, or any consideration at all, other than what may be imported from the recitation that the parties have entered into a written contract whereby they have agreed to live separate and apart, and to release each other from the obligations of the marriage relation. But the recital is silent concerning any agreement to renounce dower.

This Court has no desire to be over-meticulous in passing upon this point, but it must be kept in mind that we are dealing with a right, dower right, which is favored in a high degree by the law, and which the Courts have always been vigilant and astute in guarding and preserving. It is a right which has been held to be a positive and definite institution of the State. We think it unreasonable to hold that a mere reference in the paper before us, to another and different document, must perforce import that a valuable consideration was paid therefor.

In the present condition of this record, how can the rights of Marie K. Harley be passed upon, and she be held barred and estopped when she is not a party to this suit? Her right to claim dower would not arise until the death of Wallace K. Harley, but that inchoate right could and might become vested at his death, should she survive him. In our opinion, Marie K. Harley should be made a party to this cause for a complete determination of the issue. It might well be that upon testimony being taken, it will fully appear that she has received a valuable consideration, and that the written agreement entered into between her and her husband, which is not before this Court, is entirely clear and unambiguous. But this cannot appear conclusively until a hearing has been had. It may not be amiss to suggest that had this agreement been recorded, it might have obviated the necessity of this litigation.

Judgment reversed, and case remanded with direction that Marie K. Harley be made a party to the suit.

Mr. Chief Justice Bonham, Messrs. Justices Carter, Baker and Stukes concur.