15550

HOLLY HILL LUMBER COMPANY, INC., v. McCOY

(26 S. E. (2d), 175)

January, 1943.

*Mr. L. D. Jennings* and *Mr. M. W. Seabrook,* both of Sumter, S. C., Counsel for Appellant,

62

*Mr. T. B. Bryant, Jr.,* of Orangeburg, S. C., Counsel for Respondent,

June 14, 1943.

MR. ASSOCIATE JUSTICE BAKER delivered the unanimous opinion of the Court:

In an action for specific performance brought by the respondent against the appellant, this Court has already affirmed an order of the Circuit Court requiring the appellant to specifically perform a contract for the sale by him to the respondent of a certain tract of land. See *Holly Hill Lumber Company v. McCoy*, 201 S. C., 427, 23 S. E. (2d), 372, 380. The wife of the appellant was not a signatory party to the instrument (originally in the form of an option) that gave rise to the appellant's contractual obligation to convey. In the argument on the first appeal this fact was called to our attention as one of the reasons why the decree for specific performance granted by the Circuit Court should not be affirmed, the contractual engagement of the appellant having been that he would deliver to the respondent, on the terms stated, a "good marketable title." On this subject we said in our former opinion: "Finally, it is suggested that if the judgment of the lower Court be affirmed and specific performance required, the inchoate dower interest of the defendant's wife will be outstanding; and that if Mrs. McCoy should refuse to renounce dower the defendant would be unable to give the good and marketable title which he contracted to give. We shall not attempt to meet a situation which is not now before us. There is no evidence in the record that the wife of the defendant will refuse to renounce dower. If such situation should develop, the parties will doubtless seek an appropriate remedy in the lower Court.

Following the filing of the opinion of this Court the respondent by its attorney served notice upon the attorneys

for the appellant that at a time named they would move before the Circuit Judge for an order directing the appellant "to forthwith specifically perform the contract for the sale of the real estate described in the complaint in this action by executing and delivering to the plaintiff a deed for the premises upon the payment of the balance of the purchase price as provided for in the judgment order of this Court, which said order, upon appeal, has been affirmed by the Supreme Court of South Carolina."

The service of the above notice was preceded by discussions between counsel for the respective parties looking toward the delivery of a deed in accordance with the decree for specific performance granted as above stated. Before the time named for the hearing of the aforesaid motion, counsel for the respondent was served with notice that certain objections would be interposed to the hearing and granting of the motion. Attached to this notice is a petition in which, after challenging the sufficiency of the content of the notice to accomplish the purpose for which the same was served, it is set forth that prior to the service of the respondent's motion the appellant had tendered to the respondent a general warranty fee-simple deed conveying to the respondent the property involved in this litigation, which deed, it is alleged, was rejected by the respondent on the ground that it contained no renunciation of dower, unless the appellant would permit the respondent to deduct one-sixth of the amount of the purchase price to represent the value of the inchoate dower right of appellant's wife. From the petition and affidavits served in connection therewith it is shown that affidavits served in connection therewith it is shown that the position of the respondent was that upon payment of the purchase price it was entitled to a deed containing a renunciation of dower on the part of appellant's wife, and that if by reason of the refusal of appellant's wife to renounce dower such a deed was not obtainable, the respondent was entitled to obtain the deed upon tendering to the appellant

five-sixths of the amount of the purchase price, and to give for the remaining sixth of the purchase price a mortgage on the property, payable to the appellant or his wife upon the contingencies hereinafter more particularly stated, said mortgage to draw interest at 6% per annum.

The appellant, on the other hand, took the position that he was entitled to the payment of the full purchase price upon tender of his deed without the renunciation of dower on the part of his wife, and that the rejection by the respondent of a tender of such deed amounted to a breach of the contractual relationship between the parties and a nullification of the rights of the respondent under the decree for specific performance hereinabove referred to. The matter came before the Circuit Judge upon the notices, petition and affidavits above referred to, and that Court granted a decree, the decretal portion of which (on the point now under discussion) is as follows:

"Ordered, that the defendant be, and he is hereby, directed to make and execute his deed in usual form in favor of the Plaintiff covering the premises described in the complaint within ten (10) days from notice of the filing of this Order, whether by personal service or service by mail, as agreed upon at the hearing referred to, upon the payment to him of five-sixths of the purchase price less Ten ($10.00) Dollars, the amount heretofore paid him, and upon delivery to him of a bond in writing executed by the Plaintiff in the sum of Sixteen Hundred and Sixty-six & 67/100 ($1666.67) Dollars, secured by mortgage of the premises in question, payable to the Defendant and conditioned to pay to the Defendant an interest thereon at the rate of six per cent. per annum on said sum, payable annually, so long as Defendant's wife lives; and upon her death, while the defendant still lives, that it will pay the said sum to the defendant.

"And further, that in the event the said wife survives the defendant, the plaintiff will, upon death of defendant,

pay the said sum to his wife with any accrued interest; otherwise, said bond to be in usual form."

The appeal is from this order.

The appellant, in a brief of sixty-three pages, covering thirteen exceptions and purporting to state fifteen "questions involved," raises issues which have already been conclusively disposed of on the first appeal, and encompasses critical remarks, some direct and some by way of implication, about the rulings heretofore made by the Circuit Judge and by this Court in the present litigation. We do not deem it necessary to advert further to these matters except to the extent of suggesting that the prolixity and length of appellant's brief are attributable in considerable measure to such matters. The rules of this Court do not encompass any specific restrictions on the length of a brief, except to the extent of requiring that the statement of the "questions involved * * * should never exceed one page, unless the questions involved absolutely require it * * *" (Rule 8, Sec. 2); even this rule has been violated to the extent of using three pages to state the "questions involved." A number of the questions so stated seek to reopen matters already concluded by our opinion on the first appeal.

The principal question involved in this appeal is the right of respondent to have the decree for specific performance made effective as against the inchoate dower right of appellant's wife, and if such right exists, to determine the means by which a Court of equity may give the requisite relief.

These problems, it must be recognized, arise in an action for specific performance to which the wife of the owner of the property was not a party, and in which no effort has been made to bring her into the cause even at this stage of the case.

We reject as utterly untenable the argument of appellant that constitutional issues preclude the Courts of this State from giving effect to a decree for specific performance, by making proper provision to protect

the vendee against future litigation on the part of a grantor's wife who refuses to renounce dower. The age of appellant's wife is in the record. Long before her marriage and indeed many decades before she was born, it was an established rule of property in this State that the dower right of the wife can be vested in the purchaser of real estate from the husband by judicial decree, upon the making of stated provisions for the payment to her of the value of her dower right in the event that she outlives her husband.

The dower right in South Carolina is a creature of the common law, recognized however by numerous statutory provisions relating to the same. See for example Code 1942, Sec. 8578 *et seq.* The decisions of this Court giving effect to the dower right and providing for its involuntary relinquishment in cases of the present character are an integral part of the law defining and protecting the dower right so that when the dower right of the appellant's wife arose out of the marriage relationship of the parties, it was a right that had already been well defined by law. *Wright v. Jennings,* 1829, 1 Bailey, 277; *Stewart v. Pearson,* 1872, 4 S. C., 4; *Payne v. Melton,* 1904, 69 S. C., 370, 48 S. E., 277; *Wannamaker v. Brown,* 1907, 77 S. C., 64, 57 S. E., 665; *Brown v. Brown,* 1913, 94 S. C., 492, 78 S. E., 447; *Armstrong v. Henson,* 1927, 139 S. C., 156, 137 S. E., 439; *Ladshaw v. Drake,* 1937, 183 S. C., 536, 191 S. E., 713, 716.

There is accordingly no juridical basis upon which to contend, as the appellant does here, that to take away the inchoate dower right of appellant's wife in the present case, so as to give effect to the decree for specific performance heretofore granted, upon terms that will assure her full compensation in accordance with the applicable decisions of this Court, will deprive either her or her husband of property without due process of law.

Recognizing, then, the jurisdiction and power of the Court in the present situation, it remains to consider whether

such jurisdiction and power can be exercised in the circumstances here presented.

In the cases above cited this Court has indicated that in fixing the value of an inchoate right of dower which is asserted against a purchaser, so as to determine the amount to be deducted from the purchase price and to be set aside at interest for the benefit of the husband, in the event that he survives his wife, and for the benefit of the wife, in the event that she survives her husband, there is no uniform rule. In some of the cases, as in *Armstrong v. Henson, supra,* the valuation is fixed by taking one-sixth of the selling price of the property, upon the assumption that such price represents the value of the property. This was the rule followed by the Circuit Court in the present case. In other cases, such as *Ladshaw v. Drake, supra,* the rule for computing the value of the dower right is stated as follows: "The correct rule of computation is to ascertain the present value of an annuity for her life, equal to the interest in the third of the proceeds of the estate to which her contingent right of dower attaches, and then to deduct, from the present value of the annuity for her life, the value of a similar annuity depending upon the joint lives of herself and her husband. The difference between these two sums will be the present value of her contingent right of dower."

There is no controlling statutory provision, though in the cases which adopt the rule declared in *Armstrong v. Henson* and followed in the present matter by the lower Court, the statutory analogy contained in Sections 8597 and 8598 of the Code of 1942, is followed. These Sections fix one-sixth of the value of the property at the time of alienation as the value of the inchoate right of dower to be deducted from the purchase price in cases where a renunciation of dower cannot be obtained because of the insanity of the wife.

> The question which of the two rules should be applied in a given case involves of course the exercise of chancery powers in the light of the facts before the

Court. In the present case we are confronted with a record showing that whatever basis of computation of the value of the dower right may be proper, no proceedings have been taken to determine the value of the property itself. There is thus no state of facts to which to apply whatever basis of computation of the value of the dower interest may be determined upon. Nor can such value be determined by the Court so long as the wife is not a party to the proceedings. She was not a necessary party when the action for specific performance was instituted; it now having developed, however, that in order to render the decree for specific performance effective, the value for her inchoate dower interest must be determined, she obviously is a necessary party to the proceeding, and appropriate steps should be taken to bring her in. See *Harley et al. v. Orvin,* 197 S. C., 138, 14 S. E. (2d), 701.

In this case the respondent and the lower Court have proceeded on the assumption that the value of the property has been fixed by the contract involved in this litigation wherein the selling price is named as $10,000.00, and by the decree ordering specific performance of this contract.

It is to be borne in mind, however, that the trial of the suit for specific performance, both on circuit and on appeal to this Court, did not primarily invoke the question of the value of the property. Evidence respecting the value of the property was considered material in determining the issues made by the parties, but those issues did not embrace the question whether the property had a value of more or less than $10,000.00. The defense to the action for specific performance was in effect that the contract had been procured by the respondent without disclosure by it of facts affecting the value of the property which it was claimed the respondent was under obligation to disclose to the seller under the circumstances asserted by appellant, and it was alleged that the actual value of the property was so greatly in excess of the contract price that specific performance should be refused on

the ground, among others, that the contract price was unconscionably low.

The foundation of the decree for specific performance granted in this cause is not a finding that $10,000.00, represents the fair value of the property. Such a value was indicated in the Master's report and in the opinion of the Circuit Court, and the much higher values of which evidence was offered by the appellant were rejected as involving elements of speculation and uncertainty that could not be given weight in determining the present selling value of the property, but the fact remains that the point of the decree granting specific performance, as affirmed by this Court (as far as the value of the property is concerned), is that the appellant had failed to make out a case of such gross inadequacy of price as, considered in connection with the charges of concealment, misrepresentation, etc., would warrant the Court in refusing to grant a decree for specific performance. It may be that, implicit in the holding of this Court on the first appeal, was the view that inadequacy of price might in itself in a given case be so gross as to warrant the refusal of equitable relief in a case of this character. But even if it be assumed that the opinion of this Court went to that extent on the subject of the consideration of the value of the property in question, it still is true that the determination that the price of $10,000.00 is not so grossly inadequate as to "shock the conscience" of a Court of Equity is very far from holding that the contract price represents the value of the property.

As far as the appellant is concerned, the result of the present litigation up to this time is that he is entitled to be paid for a good and marketable title to the property on the contractual basis of $10,000.00, without regard to the question whether this sum represents more or less than the full value of the property. As to appellant's wife, however, there is no contractual obligation voluntarily made by her. The power of a Court of Equity in a case of the

present character to value the lower interest in the property in which the dower is claimed, and to make provision for the deduction of that value from the selling price of the property, and for the payment of the amount so deducted to the party ultimately found entitled thereto (the husband or the wife depending upon which one of them survives the other) is a power that, like all other judicial powers must be exercised with due regard for the rights and interests of every interested person.

The determination of the value of the property in question is an issue foreign to any of the issues heretofore disposed of, and such a determination must be reached through the judicial processes that are encompassed within the common law and constitutional doctrine of due process of law.

As already stated, the wife of appellant is not before the Court. The first step in the process of valuing the property and her inchoate right of dower therein must be to bring her into the cause. When this step has been accomplished, she must be afforded an opportunity to be heard, both as to the value of the property and as to the basis of computation of her inchoate right of dower therein.

We recognize that the suggested procedure will prolong this litigation, and perhaps give rise to an opportunity to defeat the decree of specific performance by establishing a value for the property in question which might give the inchoate right of dower a value so far in excess of the proportionate part of the contract price as to deprive the respondent of the benefit of its contract. That, however, is a problem with which we have no power to deal. The considerations which have led to the adjudication on the first appeal that the valuations in excess of $10,000.00 involve elements of speculation and plant investment that render such valuations excessive will of course weigh with the Court in determining the actual value of the property for the purpose of determining the value of the inchoate dower right of ap-

pellant's wife. We do not here purport to lay down any definite rules by which the valuation shall be reached, but we do point out that in determining the value of appellant's property for the purposes of the present litigation, the Court will be dealing with the value of the property as the same existed at the time the contract between the respondent and the appellant became effective, without regard to matters affecting the value that may since have arisen. See Code 1942, Section 8609, and the opinion of this Court on the first appeal.

It is elementary that a Court of Equity, having once assumed jurisdiction of the cause, will retain this jurisdiction to dispose of all issues arising between the litigants within the limits of the issues made by the pleadings, including the granting of whatever auxiliary and supplementary relief may be required to render the judgment of the Court effective. As applied to the present controversy, this rule entails the determination at this time of the amount which the respondent must pay for the inchoate dower right, if it desires to obtain such right, rather than leaving this question open for an uncertain and possibly long period when conditions may have changed, and when the considerations governing the value of the property will have become clouded by subsequent developments and changed economic conditions.

This course gives to the appellant everything which he had a right to believe he was contracting to receive when he agreed to sell the property for $10,000.00. He took upon himself the risk of providing the renunciation of dower, in order to render his title good and marketable. It also gives to the wife of the appellant everything to which she is entitled, by virtue of her inchoate right of dower. And the respondent, having assumed the risk of accepting appellant's contract without the signature of appellant's wife or any renunciation of dower contained therein, likewise has no cause for complaint. Each of these parties must be presumed to have

known the basis upon which the inchoate dower right must be valued and to have contemplated that such value would be fixed according to the usual judicial process, in a cause or proceeding to which the wife is a necessary party.

It is to be observed that in none of the cases above cited were the questions above discussed presented to this Court. In some of such cases the wife was before the Court, in others she was not, and in the latter class of cases the failure to bring the wife into the cause was not the subject of any exception upon which the Court was called upon to rule.

Similarly, none of such cases deals with the question whether a valuation different from the price at which the husband sold or agreed to sell the property in question represented the full value of the property for the purpose of the computation of the value of the inchoate dower interest.

Here these matters are now presented to the Court by appropriate exceptions for the first time.

It is appropriate to point out here that although in the foregoing discussion of the method of computation of the value of the inchoate dower interest, two different rules have been stated in previous decisions of this Court, and although we have not herein commented upon the one of these rules which the Circuit Judge adopted as in his opinion applicable to the facts of this case, we are not to be deemed as holding that these two established rules are exclusive, and that no other method of computing the value of the inchoate dower right is open for consideration. The concern of the Court in a situation of the present character is to deal out justice to all parties concerned. Protection to the purchaser against a possible claim of dower consummate at some future time is the ultimate aim of the Court. But parallel to this aim is the right of the grantor to obtain at this time the purchase price of the property less only a proper deduction to represent the value of the inchoate dower interest, and the right of the wife to obtain the full value of that interest in the event that she survives her husband. If the parties cannot

agree upon a plan that will accomplish these several aims, the Court must of course find and apply a rule of computation that will meet the equities of the present situation. If in the further stages of the controversy there can be evolved a method of computation that can be shown to be more equitable in the light of the particular facts of this case than either of the rules hereinbefore referred to, the case is open for further consideration of that particular problem. In such further consideration, the appellant, the respondent, and the appellant's wife each will be entitled to be fully heard.

We have considered all of the exceptions of appellant, but except as to the matters hereinabove discussed, we deem these exceptions without merit and they are overruled.

The cause is remanded to the Circuit Court for further proceedings in accordance with the foregoing.

Messrs. Associate Justices Fishburne and Stukes, and Circuit Judge Philip H. Stoll, Acting Associate Justice, concur.

Mr. Chief Justice Bonham did not participate.