15786

HOLLY HILL LUMBER CO., INC., v. McCOY

(86 ,S. E. (2d), 140)

*Mr. M. W. Seabrook,* of Sumter, Counsel for Appellant,

*Mr. T. B. Bryant, Jr.,* of Orangeburg, Counsel for Respondent,

December 8, 1945.

Mr. Chief Justice Baker delivered the unanimous Opinion of the Court.

The history of this litigation may be obtained from reading the following cases: *Holly Hill Lumber Co., Inc., v. McCoy,* 201 S. C., 427, 23 S. E. (2d), 372; *Id.,* 203 S. C., 59, 26 S. E. (2d), 175, 148 A. L. R., 285; and *Id.,* 205 S. C., 60, 30 S. E. (2d), 856.

The present, and incidentally the fourth, appeal in this case stems from an attempt on the part of the respondent, Holly Hill Lumber Company, Inc., to establish damages against an appeal bond to stay execution under Section 788 of the Code, given by the appellant, Addison E. McCoy, on the second appeal, the opinion on that appeal being reported in 203 S. C., 59, 26 S. E. (2d), 175, 177, 148 A. L. R., 285.

The second appeal was from·an order of the Circuit Judge in which this appellant was ordered "to make and execute his deed in usual form in favor of the Plaintiff covering the premises described in the complaint within ten (10) days from notice of the filing of this Order, whether by personal service or service by mail, as agreed upon at the hearing

referred to, upon the payment to him of five-sixths of the purchase price less ten ($10.00) dollars, the amount heretofore paid him, and upon delivery to him of a bond in writing executed by the Plaintiff in the sum of Sixteen Hundred and Sixty-six & 67/100 ($1,666.67) Dollars, secured by mortgage of the premises in question, payable to the Defendant and conditioned to pay to the Defendant interest thereon at the rate of six per cent. per annum on said sum, payable annually, so long as Defendant's wife lives; and upon her death, while the defendant still lives, that it will pay the said sum to the Defendant.

"And further, that in the event the said wife survives the defendant, the Plaintiff will, upon death of Defendant, pay the said sum to his wife with any accrued interest; otherwise, said bond to be in usual form."

That appeal resulted in the case being remanded to the Common Pleas Court for the purpose of bringing in the wife of the appellant McCoy as a party to the action, and affording her "an opportunity to be heard, both as to the value of the property and as to the basis of computation of her inchoate right of dower therein." And in remanding the case, this Court stated:

"We recognize that the suggested procedure will prolong this litigation, and perhaps give rise to an opportunity to defeat the decree of specific performance by establishing a value for the property in question which might give the inchoate right of dower a value so far in excess of the proportionate part of the contract price as to deprive the respondent of the benefit of its contract. That, however, is a problem with which we have no power to deal.   *   *   *"

Following proceedings had in the Court of Common Pleas in accord with said opinion, it was on January 7, 1944:

"Ordered, Adjudged and Decreed that the plaintiff is entitled to a deed to the premises forthwith, upon the payment

of the purchase price of $10,000.00, less $10.00 already paid; further that the inchoate dower right of Mrs. Sara S. McCoy is adjudged to be 1-6 of the value of the land, which is $10,000.00, to be secured to be paid to her out of the purchase money, if and when she survives her husband; and that she shall forthwith renounce her dower in and by the deed to the premises upon the execution of the security to her of said 1-6 interest amounting to $1,666.67, as more fully provided herein.

"It is further Ordered, Adjudged and Decreed that the grantor is entitled to receive at this time the said purchase price, less $1,666.67 to be deducted to represent the value of the inchoate dower interest of his wife based upon the full value of that interest in the event she survives her husband.

"It is further Ordered, Adjudged and Decreed that if the defendants fail or refuse to comply herewith, and if the parties do not agree upon a plan to consummate and accomplish the said aims and matters above set forth, then the plaintiff shall pay the sum of Nine thousand, nine hundred, ninety ($9,990.00) Dollars to J. E. Gramling, Clerk of Court for Orangeburg County, and the said Clerk shall forthwith deliver to the plaintiff, or its attorney, the deed to the premises heretofore deposited with him by Addison E. McCoy, and thereupon a fee simple title to the premises shall vest in the plaintiff and inchoate right and claim of dower on the part of Sara S. McCoy in and to the premises shall be forever barred, and upon delivery and production of the said deed the Sheriff of Orangeburg County shall forthwith put the plaintiff in possession of the land described therein; and it is further

"Ordered that the said J. E. Gramling, Esq., Clerk of Court, shall pay from the sum deposited with him the costs that might be taxed against the defendant, Addison E. McCoy; and that the said Clerk shall retain one-sixth of, Ten

Thousand ($10,000.00) Dollars and pay the balance to the defendant, Addison E. McCoy, taking from him his receipt therefor. If the said Addison E. McCoy shall furnish the proper renunciation of dower on the part of his wife in favor of the plaintiff the said Clerk shall pay to him the remaining one-sixth of the contract price. If the renunciation of dower is not executed by her to the premises in favor of the plaintiff, then the said $1,666.67 shall be retained by the Clerk for her protection, unless and until the plaintiff shall execute in favor of the defendants its bond conditioned for the payment of $1,666.67, with interest at the rate of six per cent per annum, payable annually, to the defendant, Addison E. McCoy, as long as his wife lives, and upon her death the principal shall be payable to him and should his wife survive him the principal shall be payable to her and secured by a first and prior mortgage executed by the plaintiff upon the premises. (This being the plan, in substance, ordered by Judge Mann to be followed). Upon delivery of the bond and mortgage prepared and executed in accordance with the directions herein directed the said Clerk shall pay over to the plaintiff the sum of $1,666.67 herein adjudged to be the value of the inchoate right of dower.

"It is further Ordered, Adjudged and Decreed that upon the execution and delivery of the bond and mortgage as aforesaid, that the said Sara S. McCoy shall be forever barred of any and all claim of dower in and to the said premises."

Under the foregoing order (affirmed by this Court and reported in 205 S. C., 60, 30 S. E. (2d), 856), notwithstanding the appeal to this Court, the respondent complied with the directions therein contained, and was placed in possession of the property, the subject of the prolonged litigation.

It will be perceived that there was not an affirmance of the judgment appealed from, and for which the appeal bond

sued upon was given to stay the execution of as provided by Section 788 of the Code, and that therefore there can be no recovery on said bond.

The demurrer of the appellant to the petition of the respondent should have been sustained, and the petition dismissed.

Having reached this conclusion, of course, the other issues attempted to be raised in the present appeal are not now properly before the Court.

Reversed.

MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES, TAYLOR and OXNER concur.