16895

## SHELTON v. SHELTON
(83 S. E. (2d) 176)

*Messrs. Edens & Woodward,* of Columbia, *for Appellant,*

*Messrs. Tompkins & McGuinn,* of Columbia, *for Respondent,*

July 22, 1954.

OXNER, Justice.

The sole question presented by this appeal is whether in proceedings for the condemnation of real property under the right of eminent domain, the inchoate right of dower of a wife is to be recognized and protected in the proceeds as against her husband. The Court below answered in the negative. The wife, Janie S. Shelton, has appealed.

No case from this jurisdiction has been cited, and our own research has disclosed none, expressly deciding the foregoing question. The overwhelming weight of authority elsewhere is to the effect that the inchoate right of dower is not such an interest in land as to entitle the wife, when such land is taken by the right of eminent domain, to have any portion of the compensation paid turned over to her directly, or set aside for her benefit upon the contingency of her surviving her husband. *Flynn v. Flynn,* 171 Mass. 312, 50 N. E. 650, 42 L. R. A. 98, 68 Am. St. Rep. 427; *Venable v. Wabash Western R. Co.,* 112 Mo. 103, 20 S. W. 493, 18 L. R. A. 68; *Briegel v. Briegel,* 307 Pa. 93, 160 A. 581; *Long v. Long,* 99 Ohio St. 330, 124 N. E. 161, 5 A. L. R. 1343; *Salvatore v. Fuscellaro,* 53 R. I. 271, 166 A. 26; Nichols on Eminent Domain, 3rd Ed., Vol. 2, Section 5.71; 18 Am. Jur., Eminent Domain, Section 230. The subject is annotated in 5 A. L. R., page 1347, and 101 A. L. R., page 697. A lucid discussion of the early English and American authorities will be found in *Venable v. Wabash Western R. Co., supra.* The later cases are ably reviewed by Judge Chesnut in *United States v. Certain Parcels of Land, etc.,* D. C., 46 F. Supp. 441.

A different view seems to be entertained in New Jersey and New York. See *Wheeler v. Kirtland,* 27 N. J. Eq. 534, and *In re Cropsey Avenue in City of New York,* 268 N. Y. 183, 197 N. E. 189, 101 A. L. R. 694, where it was held that upon condemnation, the wife's inchoate dower interest is transferred to the award which stands in place of the land taken, and that to protect the wife's interest in the award, a part thereof will be set aside and invested.

It seems to be conceded that as between the holder of an inchoate right of dower and the sovereign, or the political unit to which the right of eminent domain has been delegated, the wife is divested of any dower interest in the land when same is condemned and compensation paid. But it is argued that where, as here, the contest is between the husband and wife, the inchoate dower interest of the latter should be transferred to the compensation paid and safeguarded by the court.

In approaching the question before us, it might be well to first consider the nature of the inchoate right of dower. It is a right which has been held to be a definite institution of the State, which is highly favored. *Tuten v. Almeda Farms,* 184 S. C. 195, 192 S. E. 153; *Harley v. Orvin,* 197 S. C. 138, 14 S. E. (2d) 701. Although it cannot be properly denominated as an estate in lands or a vested interest therein, we have consistently held that it is a substantial right of property, *Brown v. Brown,* 94 S. C. 492, 78 S. E. 447; *Ladshaw v. Drake,* 183 S. C. 536, 191 S. E. 713, and its present value may be judicially ascertained and protected. *Brown v. Brown, supra; Holly Hill Lumber Co., Inc., v. McCoy,* 203 S. C. 59, 26 S. E. (2d) 175, 148 A. L. R. 285, and 205 S. C. 60, 30 S. E. (2d) 856.

It is equally well established that the inchoate right of the wife is always subject to any encumbrance or infirmity in the husband's title existing at the time he became seized, and is also subject to any incident attached

to it by law. One such incident is the paramount right of tenants in common to have partition of the common property. We have held that the wife is not a necessary part in a partition proceeding and that when lands are sold under a decree for that purpose, such sale operates to divest the contingent right of dower of the wife of a co-tenant and the purchaser takes his title disencumbered of any subordinate right of dower. *Holley v. Glover,* 36 S. C. 404, 15 S. E. 605, 16 L. R. A. 776.

It is also an incident of land that it is liable to be ■ taken for public uses. "That right is based upon the theory that when the state originally granted lands to individuals the grant was made under the implied condition that the state might resume dominion over the property whenever the interest of the public or welfare of the state made it necessary." *Haig v. Wateree Power Co.,* 119 S. C. 319, 112 S. E. 55, 57. In *Briegel v. Briegel, supra,* 307 Pa. 93, 160 A. 581, 584, the estate of the owner was referred to as "a qualified fee," subject to be taken by the right of eminent domain and compensated for under the Constitution.

We are of opinion that when, during the lifetime of ■ the husband, the sovereign exercises the paramount right of eminent domain, which is in effect a compulsory sale so far as the owner is concerned, the wife is not entitled on account of her inchoate right of dower, to have any portion of the money received for the land either paid to her directly or set aside for her benefit on the contingency of her surviving her husband. "In other words, the inchoate right of dower is subordinate to the public right, and therefore it is defeated by the taking of the land by eminent domain proceedings for public use." 18 Am. Jur., Eminent Domain, Section 230. The husband is the owner of the fee and as such is the only one entitled to compensation under our constitutional provision, Article I, § 17, that private property shall not be taken for public use without just compensation being first made therefor.

We think here is an analogy in the line of cases in this State holding that when a wife renounces her dower on a mortgage executed by her husband and the mortgage is foreclosed and the land sold in his lifetime, she has no right of dower either in the land or in the surplus proceeds of sale. *Grube v. Lilienthal,* 51 S. C. 442, 29 S. E. 230; *Ex parte Clark,* 130 S. C. 501, 126 S. E. 137. This principle is applied even in cases where the mortgage indebtedness represents only a small portion of the value of the property. An excellent review of our decisions on this question will be found in *Duncan v. Johnson,* 4 Cir., 123 F. (2d) 392. If the inchoate dower right of the wife will not be protected in the surplus proceeds when a mortgage is foreclosed, can we logically hold that such dower interest exists in compensation paid for land taken under the right of eminent domain? In each instance, the entire interest of the husband is divested and the money representing the land is paid into court.

It may be of interest to state that, contrary to the rule in South Carolina, it is held in New York that when a surplus remains in foreclosure, the wife's inchoate right attaches to it and will be protected. *Home Building Corporation v. Rosin,* 121 Misc. 264, 200 N. Y. S. 814. This holding doubtless has influenced the New York Courts in concluding that the wife has an interest in a condemnation award which the Court will protect.

It seems to be generally recognized that the wife is not a necessary party to a proceeding to condemn her husband's real estate. If she has no such interest in the lands as to require making her a party to this proceeding, then upon what principle can it be claimed that she has an interest in the proceeds which the court should protect? It is not without significance that it has never been the practice in South Carolina, so far as we know, to make the wife a party in a condemnation proceeding against her husband. Nor are we aware that it has heretofore been claimed that the court should protect her inchoate right of dower in com-

pensation paid for land taken under the right of eminent domain. This rather indicates the common consent and opinion of the legal profession in this State that the wife is not a necessary party to such a proceeding and that she has no interest therein. As stated by the Court in *Venable v. Wabash Western R. Co., supra,* 112 Mo. 103, 20 S. W. 493, 499, 18 L. R. A. 68: "This, of itself, is a very pregnant circumstance, and very good evidence of what the law is." The Court there further quoted from Lord Mansfield as follows: " 'Consider also the usages and transactions of mankind upon the statute. The object of all law with regard to real property is quiet and repose.' "

Affirmed.

STUKES, TAYLOR and LEGGE, JJ., and E. H. HENDERSON, A. A. J., concur.